{¶ 85} I do not entirely concur in the lead opinion's analysis of the evidence in this case. In general, I believe the dynamic of the defendant's testimony and the jury's prerogative to weigh the credibility of that testimony, (particularly in the absence of any indication that but for the admission of any specific piece of evidence such as the paper with names and numbers on it, the defendant would not have testified,) permitted the consideration of such evidence and also permitted inferences of guilt, contrary to the conclusions of the lead opinion. However, I generally agree that the cumulative effect of the prosecution's presentation, together with the improper management of the juror questions involving, inter alia, discussion of the information leading to the search warrant in front of the jury, created prejudice sufficient to deprive the defendant of a fair trial and requires reversal. Accordingly, I concur in the judgment reached by the majority.
 {¶ 86} I write separately to emphasize my concurrence with the lead opinion in relying on the "demonstration of prejudice" standard for reviewing the matter of jury questions as set forth in the prior decision of this court in State v. Cobb and advanced in Judge Bryant's dissent inState v. York. While this should remain a discretionary matter left to the trial courts, I join with Judge Bryant in endorsing the guidelines for permitting juror questions at trial as set forth by The United States Sixth Circuit Court of Appeals in U.S. v. Collins, cited and quoted in the York dissent. And in particular, I join in the balance of Judge Bryant's dissenting opinion in York, by respectfully disagreeing with those who would depart from fundamental propositions of appellate review by purporting to classify any juror question as plain error, even in theabsence of any demonstrated prejudice.